## STATE v. LOUIS SOPCZYK.[1]

January 28, 1927.

No. 25,718.

**Conviction for maintaining liquor nuisance sustained.**

The evidence sustains defendant's conviction of maintaining a liquor nuisance in his home.

Husband and Wife, 30 C. J. p. 510 n. 16, 17.
Intoxicating Liquors, 33 C. J. p. 770 n. 17.

Defendant appealed from a judgment of the municipal court of Minneapolis, White, J., convicting him of maintaining a liquor nuisance. Affirmed.

*Joseph A. Kozlak,* for appellant.

*Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for the state.

PER CURIAM.

Defendant appeals from a judgment convicting him of maintaining a liquor nuisance contrary to an ordinance of Minneapolis. A search of his residence, in his absence but when his wife and a guest were present, disclosed a half gallon of moonshine in the pantry, 20 gallons of wine and two cases of homebrew beer in a bedroom and quite a number of empty half-pint and pint whiskey bottles in the cellar. The guest, a cousin of defendant, had apparently just been drinking beer. Defendant denies knowledge of his wife's doings with respect to the liquor. Aside from any presumption that he had knowledge of what was going on in his own home, People v. Burbank, 234 Mich. 600, 208 N. W. 687, and his responsibility as the legal head of the family, 30 C. J. 510, there is evidence indicating that he knew that liquor, other than the moonshine, was present. There is testimony that for some time men had been seen visiting the house, most of them entering through and departing from the rear door. When arrested, defendant offered the police officer $150 if he, defendant, should not be taken "into court." There is no evidence that drunkenness was permitted in or about the house or that intoxicated visitors were ever seen entering or departing from it.

The evidence plainly made a question of fact and sustains the conviction.

Judgment affirmed.

[1]Reported in 212 N. W. 4.